UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 1:10cr55 |
| | ) | 1:14cv373 |
| ADDONES SPENCER | ) | |
| | ) | |

OPINION AND ORDER

This matter is before the court on two motions filed by the petitioner, Addones Spencer,

who is proceeding, *pro se*. On November 26, 2014, Spencer filed a "Motion for Writ of Habeas

Corpus Under Title 28 U.S.C. § 2241". This motion was filed in civil case 1:14cv373. On

February 23, 2015, Spencer filed a "Writ of Error Coram Nobis". This motion was filed in

criminal case 1:10cr55.

For the following reasons, both motions will be denied.

Discussion

On July 28, 2010, a federal grand jury returned an indictment charging Spencer with six

counts of federal firearms charges. These charges included selling firearms to convicted felons,

possession of a firearm by a convicted felon, and making false statements or aiding and abetting

the making of false statements on ATF forms for the purpose of purchasing firearms.

Indictment, docket at 1. Spencer and five co-defendants were charged with a total of 15 counts of

firearms violations. *Id*. All of the defendants eventually entered into plea agreements and

pleaded guilty to some of the charges against them (with others being dismissed pursuant to

motions by the government). The scheme involved the defendants making false statements or

representations in order to purchase firearms, which were then sold or transferred to convicted

felons. On November 29, 2010, Spencer entered a plea of guilty to Count 10 of the Indictment,

which charged him with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). His guilty plea was entered after Spencer entered into his plea agreement with the government, in which the government agreed to dismiss the five other counts against him in exchange for his guilty plea. Plea Agreement, docket at 98, p. 4. This Court sentenced Spencer to 57 months imprisonment on March 14, 2011, which was the low end of the advisory guideline range. Spencer has been incarcerated in various federal correctional institutions since his sentencing.

Turning first to Spencer's motion for writ of habeas corpus, the court first notes that the motion is actually a Section 2255 habeas petition, as Spencer is in federal custody. Spencer states that he was released to a halfway house in Michigan City, then taken to MCC-Chicago. Spencer doesn't state exactly what relief he is petitioning for but claims some sort of due process violation and states he has been deprived of "probation/halfway house/re-entry time". In any event, it is clear that Spencer is now in USP Terre Haute and that his release date is March 13, 2015. Thus it appears his re-entry is on track and essentially moots both of his motions.

In his Writ of Error Coram Nobis, whish this court also construes as an additional 2255 petition, Spencer claims that he was not given proper credit for 271 days of jail time he served prior to sentencing. This court has reviewed Spencer's plea agreement and judgment, and notes neither reference any jail time credit. Thus, there is nothing for this court to review.

In addition, Spencer entered into a plea agreement that contained a waiver provision, whereby he agreed not to challenge his conviction or sentence, or the way his sentence was imposed, by way of direct appeal or collateral attack. Specifically, Spencer's plea agreement contained the following provision:

2

I understand that the law gives a convicted person the right to appeal the conviction and the sentence imposed; I also understand that no one can predict the precise sentence that will be imposed, and that the Court has the jurisdiction and authority to impose any sentence within the statutory maximum set for my offense(s) as set forth in this plea agreement; with this understanding and in consideration of the government's entry into this plea agreement, I expressly waive my right to appeal or to contest my conviction and my sentence and any restitution order imposed or the manner in which my conviction or my sentence or the restitution order was determined or imposed, to any Court on any ground, including any claim of ineffective assistance of counsel unless the claimed ineffective assistance of counsel relates directly to this waiver or its negotiation, including any appeal under Title 18, United States Code, Section 3742 or any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255.

Plea Agreement, p 4.

It is well settled that appellate waivers in plea agreements are generally enforceable. *United States v. Emerson,* 349 F.3d 986, 988 (7th Cir. 2003); *see United States v. Nave,* 302 F.3d 719, 720-21 (7th Cir. 2002). Spencer voluntarily entered into a plea agreement with the government, agreeing to plead guilty to one count while the government agreed to dismiss five others. Spencer also agreed to waive his right to appeal his sentence, challenge it by way of a motion under § 2255, or to assert an ineffective assistance of counsel claim. His present motions are therefore barred because his plea agreement contained a valid waiver provision. For these reasons, Spencer's motions are denied.

## Conclusion

On the basis of the foregoing, Spencer's motion for habeas corpus [DE 1; 1:14cv373] and

write of error coram nobis [DE 201; 1:10cr55] are both hereby DENIED.


 Entered: February 25, 2015.


                                        s/ William C.  Lee
                                        William C. Lee, Judge
                                        United States District Court